## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALIYAH REMETZ | : | |
| 2335 Livingston Street Apt P1F | : | |
| Allentown, PA 18104 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| LEHIGH VALLEY HOSPITAL | : | |
| 1200 S. Cedar Crest Blvd. | : | |
| Allentown, PA 18103 | : | |
| | : | |
| Defendant | : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, Aliyah Remetz, is an adult individual residing at the above address.

2.      Defendant, Lehigh Valley Hospital, (hereinafter "Defendant" or "LVH") is a corporation organized and registered to do business in Pennsylvania, with a principle place of business at the above address.

3.      Plaintiff worked for the Defendants' facility located at 1200 S. Cedar Crest Blvd, Allentown, PA 18103.

4.      At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

5.      Ms. Remetz exhausted her administrative remedies pursuant to the Equal Employment Opportunity.  (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

6.      This action is instituted pursuant to the Americans with Disabilities Act and applicable federal and state law.

7.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Ms. Remetz was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

9.      In or about November of 2019, Lehigh Valley Hospital ("Defendant") hired Ms. Aliyah Remetz ("Plaintiff") as a part-time Registration Specialist. Ms. Remetz worked from November of 2019 through July of 2021, on a part-time basis of 25 hours per week or more. Ms. Remetz performed all duties asked of her without any complaints or issues.

10.      Ms. Remetz suffered from severe Crohn's disease, Fibromyalgia, Complex PSTD, ADHD, bipolar anxiety and depression.

11.      In or around the late summer of 2020, Ms. Remetz requested accommodation for her disabilities, specifically her severe Crohn's disease, including, being able to take breaks as needed and to be able to eat lunch at her desk. Defendant did not respond to Ms. Remetz's request for accommodations.

12.      Beginning of 2021, approximately three months after Ms. Remetz had requested the accommodations, LVH claimed that they gave her the requested accommodation but, in reality, Ms. Remetz did not get her requested accommodations and nothing about her working conditions changed.

13.     In August of 2021, Ms. Remetz was promoted to a full-time Registration Specialist.

14.     Ms. Remetz was the only Registration Specialist that was not provided routine coverage for breaks. From August 2021 to mid-October 2021, she was the only full-time registrar without coverage for lunch breaks.

15.     In or around September of 2021, Ms. Remetz was told that there had been a position created for someone to serve as a floater to cover her breaks, but Defendant never posted the position. Every time Ms. Remetz would ask for a break, she was told that there was no one to cover for her.

16.     From September of 2021 through October of 2021, Ms. Remetz worked 50-60-hour work weeks.

17.     Another Registration Specialist, Amber Burkit, who also has mental health disabilities, was treated better than Ms. Remetz as she was permitted to eat at her desk and have break/lunch/extra coverage by Stephanie Forst, the patient care manager, whenever requested.

18.     Another co-worker, Julie Wilkins, who worked as a nurse, was also permitted breaks at any time to care for her diabetes.

19.     There were times that Ms. Remetz was sick and couldn't go to work and would be written-up (given an occurrence) by her manager, Stacey Gunlack.

20.     Ms. Remetz's supervisor Kristie Smith denied Ms. Remetz the ability to use a sick day after she had a colonoscopy performed, an anesthesia event, which is in direct violation of Defendant's policy. The charge nurse did not care about Ms. Remetz's need for the day off and berated Ms. Remetz. Also, Ms. Remetz's coworkers yelled and screamed at her for being sick including, Julie Wilkins and veteran nurse Dan LNU.

3

21.     On or around October 10, 2021, during COVID it was very hard for her because they're a testing center and they see a lot of patients. She made a complaint about it. She was transferred to another campus of LVH and was again denied her requested accommodations at the new transfer location as Ms. Remetz was told by HR manager Stephanie Jones that she no longer required ADA accommodations, because her requested accommodations were against company policy.

22.     On or around January of 2022, Ms. Remetz was terminated.

23.     As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT**
**DISCRIMINATION**
**(42 U.S.C.A. § 12101 et seq)**

24.     Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

25.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

26.     Plaintiff is qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

27.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4

28.    At all times material hereto, Plaintiff had qualified disabilities, as described above.

29.    Plaintiff's Crohn's disease substantially limited one or more of her major life activities, including, sleeping, concentrating, thinking and working.

30.    Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disabilities and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

31.    Defendant failed to engage in an interactive discussion of Plaintiff's disabilities and failed to reasonably accommodate her disabilities.

32.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

33.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demand punitive damages.

34.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demand attorneys' fees and court costs.

**COUNT II-**
**AMERICANS WITH DISABILITIES ACT FAILURE TO ACCOMMODATE**
**(42 U.S.C.A. § 12101 et seq)**

35.    Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

36.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

37.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

38.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

39.     At all times material hereto, Plaintiff has a qualified disability, as described above.

40.     Plaintiff's Crohn's disease substantially limited the major life activities of sleeping, concentrating, thinking and working.

41.     Plaintiff's remained qualified to perform her essential job functions with or without a reasonable accommodation.

42.     Plaintiff's Crohn's disease was a qualifying disability under the Americans with Disabilities Act ("ADA").

43.     Defendant's conduct in refusing to provide Plaintiff with reasonable accommodations for her disability after receiving notice of said disability constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

44.     Defendant failed to engage in the interactive process after Plaintiff told Defendant that he needed medical accommodations.

45.     Defendant failed to reasonably accommodate Plaintiff's disability.

46.     As a proximate result of Defendant's conduct, Plaintiff has sustained significant damages, including but not limited to: emotional distress, mental anguish, humiliation, pain and suffering, and consequential damages.

47.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

48.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., Plaintiff demands attorneys' fees and court costs.

**COUNT III**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION**
**(42 U.S.C.A. § 12101 et seq)**

49.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

50.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based her exercising her rights under the Americans with Disabilities Act.

51.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

52.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

53.     As set forth above, Plaintiff engaged in protected activity when she requested accommodations for her disability.

54.     Defendant failed to engage in the interactive process after Plaintiff told Defendant that he needed medical accommodations.

55.     As a proximate result of Defendant's conduct, Plaintiff  sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

56.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

57.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

### COUNT IV
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
### DISCRIMINATION
### (43 P.S. § 951, *et seq.*)

58.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

59.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee as a result of that employee's disability.

60.      Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

61.     Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

62.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

63.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

64.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

**COUNT V**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**RETALIATION**
**(43 P.S. § 951, *et. seq.*)**

65.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

66.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

67.     Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

68.     Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

69.     Defendant's termination of Plaintiff's employment constituted retaliation for engaging in protected activity of requesting treatment for same and being granted an accommodation of medical leave, and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

70.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

71.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Aliyah Remetz, demands judgment in her favor and against Defendant, Lehigh Valley Hospital, in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.   Punitive damages;

C.   Attorneys' fees and costs of suit;

D.   Interest, delay damages; and,

E.   Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:   _/s/Mary LeMieux-Fillery, Esq._____
**MARY LEMIEUX-FILLERY, ESQUIRE**
(P.A. ID 312785)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: (267) 546-0132
Telefax: (215) 944-6124
Email: Maryf@EricShore.com
*Attorney for Plaintiff, Aliyah Remetz*

Date:___09/07/2023____

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of

my knowledge, information, and belief. I understand that false statements herein are made subject

to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.


    9/07/2023

(Date Signed)

Aliyah Remetz